J. JONES, J.,
specially concurring.
I reluctantly concur in the Court’s Opinion because, in light of the language contained in I.C. § 67-5246(5), I simply can’t read I.C. § 67-5246(4) to allow more than 21 days for an agency head to decide a motion for reconsideration on the merits. Were it not for subsection (5), I could accept IDWR’s argument that an agency head can dispose of a reconsideration petition by entering an order, within the 21-day period, agreeing to reconsider, but not actually deciding it on the merits within that period, as per IDWR’s argument referenced in footnote 2 of the Opinion. However, due to the wording of I.C. § 67-5246(5), that argument simply will not wash. It may be that the intent of the drafters was as argued by IDWR but the legislative language was simply inadequate to carry out that intent. Since IDWR’s argument is based solely on the legislative language, the Court’s Opinion is correct.
That being said, the conclusion dictated by the statute does not appear to be advisable policy. In an important and complicated case, such as most water cases are, it makes little sense to allow the agency head to have only 21 days in which to make a decision on a motion for reconsideration. Granted, the garden variety reconsideration motion that presents itself in the garden variety case may be amenable to such a limited time frame. However, in a complicated case such a limitation does not particularly lend itself to thoughtful, informed decision-making. The statutory limitation lends itself to speed, rather than quality. In cases where the movant presents valid concerns, the agency head is faced with three alternatives — drop everything else and devote full attention to the movant’s concerns, respond with a less-than-informed effort, or simply deny the motion outright. But, as the Opinion suggests, any policy correction with respect to the statute is in the legislative arena.
One further observation is appropriate with regard to the objective of this appeal. If the objective was to speed along appellate consideration of the final order issued by IDWR on April 27, 2011, it is not clear that such objective has been well served. Indeed, the consideration of that order on appeal has been delayed about a year and a half, while the parties have contested the 21-day issue. A&B filed its motion for reconsideration on May 11, 2011. Apparently, it did so because it was unhappy with the final order and *657 sought changes. The decision on the merits was not forthcoming until June 30, 2011, clearly beyond the 21-day period. However, the decision on the merits was made shortly after the deadline, and the appeal from that decision would likely have come before this Court well before the time frame in which the appeal of the initial final order will be considered. When asked at oral argument why A & B chose to appeal on the timeliness issue, counsel responded that it was for the purpose of expediting action by IDWR. It is questionable whether that objective has been attained. Consideration of the initial order on the merits has been substantially delayed and the appeal will involve a final order that A & B was apparently not happy with in the first place.
Chief Justice BURDICK concurs.